**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |  |
|---|---|---|
| KEVIN HAMLET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-700-TWP-DKL |
| | ) | |
| MARK J. BOWEN, Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.   The plaintiff's request that this action proceed as a class action, with the plaintiff himself as class representative has been considered.

a.   **Rule 23(a) of the** *Federal Rules of Civil Procedure* **establishes four prerequisites for class certification: "(1) [that] the class is so numerous that joinder of all its members is impracticable, (2) [that] there are questions of law or fact common to the class, (3) [that] the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) [that] the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). Class certification is not appropriate unless the named plaintiff establishes all four prerequisites.** *General Telephone Co. of Southwest v. Falcon*, **457 U.S. 147, 156 (1982).**

b.      Due process mandates that the fourth requirement--competent representation--be "stringently applied," because "members of [a] class are bound [by the judgment in a class action suit] unless they exercise their option to be excluded, even though they may not be actually aware of the proceedings." *Albertson's, Inc. v. Amalgamated Sugar Co.*, 503 F.2d 459, 463-64 (10th Cir. 1974); *Mechigian v. Art Capital Corp.*, 612 F. Supp. 1421, 432 (S.D.N.Y. 1985). Adequacy of representation is measured by a two-pronged test: there must be an "absence of . . . potential conflict between the named plaintiffs and the absent class members," and "the parties' attorneys [must] be qualified, experienced, and generally able to conduct the proposed litigation." *Margolis v. Caterpillar, Inc.*, 815 F. Supp. 1150, 1157 (C.D.Ill. 1991). The plaintiff here meets neither prong. First, he is a member of the class he seeks to represent, and courts have held that "the potential for conflicts of interest militates against certifying a class in which the class representatives seek to also act as class counsel." *Loden v. Edgar*, 1994 WL 97726, at *1 (N.D.Ill. Mar. 22, 1994); *see also Wagner v. Taylor*, 836 F.2d 578, 595-96 & n.126 (D.C.Cir. 1987). Second, the plaintiff is a *pro se* litigant.  *See Lasley v. Godinez*, 833 F.Supp. 714, 715 n.1 (N.D.Ill. 1993) (pro se prisoners could not adequately represent class of  inmates); *Turner-El v. Illinois Bd. of Education*, 1994 WL 27874, at *1 (N.D.Ill. Jan. 31, 1994) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se

litigant.") (citations omitted) (*citing Phillips v. Tobin*, 548 F.2d 408, 413-14 (2d Cir. 1976); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D.Wis. 1983)). Third, the plaintiff is no longer confined in the Hamilton County Jail and hence is not even a member of the class he proposes to represent.

c. On the basis of the foregoing, therefore, the plaintiff=s request that this action proceed as a class action is **denied.**

2. The plaintiff seeks injunctive relief concerning the conditions of his confinement at the Hamilton County Jail, but is now confined elsewhere. The claim for injunctive relief is moot and hence is dismissed as legally insufficient. *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004)("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same).

3. The **clerk shall terminate** the Hamilton County Jail as a defendant.

4. The **clerk shall update** the plaintiff's address on the docket to reflect that which is shown in the distribution portion of this Entry.

**IT IS SO ORDERED.**

Date: 08/31/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.

**Distribution:**

**Kevin D. Hamlet**
**892772**
**Westville Correctional Facility**
**5501 South 1100 West**
**Westville, IN 46391**