UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN D. HAMLET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-700-TWP-DKL |
| | ) | |
| MARK J. BOWEN, Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# E N T R Y

Plaintiff Kevin Hamlet brings this civil rights action against the Sheriff of Hamilton County and others associated with the operation of the Hamilton County Jail. Hamlet alleges that his federally secured rights were violated in various ways while he was an inmate at the Jail. He seeks compensatory and punitive damages. Defendants seek resolution of Hamlet's claims through the entry of summary judgment. Hamlet has opposed that motion, and the defendants in turn have filed a motion to strike Hamlet's sur-reply.

## I.     DISCUSSION

In his complaint, Hamlet asserts six claims: that he was subjected to an assault, an illegal strip search, an illegal urine screen, discrimination based upon his alleged minority status, retaliation for writing a statement that supported another inmate in a disciplinary board proceeding, and defamation. The defendants' motion for summary judgment is based on their argument that Hamlet failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA"). The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524–25 (2002).

Hamlet concedes that he did not file grievances complaining of an illegal strip search or that staff was defaming him to the public. As to these claims, therefore, the motion for summary judgment is **GRANTED.** The motion for summary judgment as to the remaining four claims will be resolved in a separate ruling.

The defendants have filed a motion to strike Hamlets surreply. The motion for summary judgment was fully briefed as of May 14, 2013. Nonetheless, Hamlet filed a surreply on May 28, 2013. Because the surreply was not authorized by court order and is not proper under the limited circumstances permitted by Local Rule 56-1(d), the motion to strike is **GRANTED**.

## II.   CONCLUSION

For the reasons stated above, the motion to strike (Dkt. 51) is **GRANTED.** Further, summary judgment is **GRANTED** with respect to claims of illegal strip search and that prison staff defamed Mr. Hamlet in public. A ruling on the remaining summary judgment claims shall follow.

No final judgment shall issue at this time as to the claims dismissed in this Entry.

SO ORDERED.

Date: 09/27/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kevin D. Hamlet
892772
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391

All Electronically Registered Counsel