# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN D. HAMLET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-700-TWP-DKL |
| | ) | |
| MARK J. BOWEN, Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry and Notice

This action was dismissed without prejudice in a Judgment entered on the clerk's docket on March 27, 2014. The closing of the action left no claim remaining for resolution and no incomplete activity. The plaintiff's motion for reconsideration was denied on June 5, 2014.

On June 18, 2014 the clerk received and filed the plaintiff's belated appeal for motion to reconsider summary judgment. The plaintiff argues in such filing that the court erred in finding that he had failed to exhaust available administrative remedies before filing this action. However, that is what the record demonstrated and that is what the law dictated. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

Of equal importance is that the plaintiff has not shown the presence of circumstances warranting the relief he now seeks. Final judgment was entered on the clerk's docket on March 27, 2014. Given the timing of the most recent post-judgment filing, it must be treated as a motion for

relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure*. *Kiswani v. Phoenix Sec. Agency, Inc.,* 584 F.3d 741, 743 (7th Cir. 2009). Rule 60(b) provides, in pertinent part:

> The Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, Fed. R. Civ. P. 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). The plaintiff's motion for relief from judgment filed with the clerk on June 18, 2014 does not show either of these circumstances.

Based on the foregoing, therefore, the belated appeal for motion to reconsider summary judgment [dkt 69] is denied.

IT IS SO ORDERED.

Date: 07/31/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kevin D. Hamlet
892772
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391

All Electronically Registered Counsel